Hamilton County Common Pleas Court.

MEYER V. FRANKLIN ET AL.

Decided March 10, 1930.

*Julius R. Samuels,* for plaintiff.

*Benjamin Pink,* for defendants Dora Franklin and Harry Franklin.

RYAN, J.

This is an action for the foreclosure of a mortgage and recovery of money due on promissory notes.

The plaintiff, Ada E. Meyer, sold the premises described in the petition to the defendant, Dora Franklin, receiving on account of the purchase price a note for the sum of $3,300 in which the husband of said defendant, Harry Franklin, joined as a co-maker, and which was secured by a second mortgage.

On July 16, 1928, the defendant Dora Franklin conveyed said premises to the defendant Anna Ralles who assumed and agreed to pay the note secured by said second mortgage. At the time of the conveyance from the plaintiff to the defendant Dora Franklin, said premises were encumbered by a first mortgage to the Government Loan & Building Company in an original amount of $8,500, and on which the balance due as of October 2, 1928, amounted to $7,841.79. In a re-financing arrangement the plaintiff waived priority on the second mortgage held by her, as aforesaid, in favor of a new first mortgage to the City Hall Loan & Building Company in the sum of $8,000. Of the sum realized through this new loan, $7,841.79, was paid to the Government Loan & Building Company in cancellation of its mortgage, and the plaintiff's second mortgage was reduced by a payment of $133, which,

together with a sum paid on account of interest, consumed said sum of $8,000.

The question now presented for determination (all other matters herein having heretofore been adjudicated) is as to whether the defendant Dora Franklin was released from the obligation of the note, for the security of which the second mortgage was given, by the plaintiff's waiver of priority in favor of the City Hall Loan & Building Company.

It will be noted that the re-financing through the City Hall Loan & Building Company and the plaintiff's waiver of priority, given in order to accomplish this object, resulted in a benefit rather than a detriment to the defendant Dora Franklin, in that it not only satisfied the balance due to the Government Loan & Building Company, but also reduced the balance due on the note which is the subject of this controversy.

While the question as to the effect of a waiver of priority mortgage has not been passed upon in this state, the courts have held that an extension of time on a note does not discharge a mortgagor from liability on the note. See case of *Teeters* v. *Lamborn*, 43 O. S., 144, Syl. 2:

"A debtor who has given a note secured by a mortgage on real estate to his creditor sells the mortgaged premises to a third person, who, in part consideration of the purchase, assumes and agrees with his vendor to pay the mortgage debt, of all which the creditor has notice. Afterward, without the knowledge of the debtor the creditor agrees with the purchaser, in consideration of the payment of interest in advance, to extend the time of payment. *Held*, 1. By such extension of time the debtor is not discharged from all liability on the note. 2. That, in equity, such debtor is released from liability to the extent of his loss by reason of such extension." See also: *Dennison University* v. *Manning*, 65 O. S., 138, also *Torry* v. *Stevenson*, 2 N. P. (N. S.), 445.

In view of the above this court is of the opinion that the plaintiff's waiver of priority did not operate as a discharge of the note in question. Wherefore, judgment will be entered in favor of the plaintiff for the amount of the balance due on account of said note.